IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY OF THE FAMILY BAKER, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-341-C-BN |
| CHILD SUPPORT DIVISION and DALLAS COUNTY TEXAS, | § § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* civil rights action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings. Plaintiff Anthony of the Family Baker now moves for default judgment as to "Defendant, Child Support Division/Dallas County Texas." Dkt. No. 9. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion.

**Applicable Background**

Although Baker is proceeding *pro se*, he paid the $400.00 statutory filing fee to initiate this action. The Court therefore denied his motion [Dkt. No. 5] requesting that the Court order that the United States Marshal serve process, *see* Dkt. No. 6 at 1 (citing 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3)), and cautioned Baker that

he is responsible for properly serving each defendant – [apparently]

> named in the complaint as Child Support Division and Dallas County Texas – with a summons and a complaint in accordance with Federal Rule of Civil Procedure 4. *See* FED. R. CIV. P. 4(j)(2) (setting forth procedures for serving defendants that are states, municipal corporations, or other state created governmental organizations). That is, Plaintiff must serve each defendant in compliance with Rules 4(j) and file proofs of service with the Court in accordance with Rule 4(*l*).

*Id.* at 1-2

Baker filed a sworn affidavit of service on February 27, 2018 that reflects that, on February 21, 2018, a defendant named as "Domestic Relations/Child Support Division" was served by ABC Process Service. *See* Dkt. No. 8 (identifying the person served as "Joyce Ferguson, 600 Commerce St., Dallas TX 75202").

**Legal Standards**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. *See* FED. R. CIV. P. 55(a). "This first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." *Am. S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3 (E.D. Tex. Dec. 28, 2010), *rec. adopted*, 2011 WL 288604 (E.D. Tex. Jan. 27, 2011).

> Rule 55 (b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See, e.g.*, 50 App. U.S.C. § 521; FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070

(D. Ariz. 2006).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

The [United States Court of Appeals for the] Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). This policy, however, is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

When making a determination as to whether or not to enter a default judgment, district courts are to consider the following factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998). Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. *See id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at

*2-*3 (N.D. Tex. Jan. 14, 2013).

Entry of default judgment is completely within the Court's discretion. *See*

*Lindsey,* 161 F.3d at 893. And the Court appropriately enters default judgment when a defendant fails to answer or otherwise refuses to obey court orders. *See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir. 1973); *see also McGrady v. D'Andrea Elec., Inc.,* 434 F.2d 1000, 1001 (5th Cir. 1970).

**Analysis**

To begin, although Baker's motion for default judgment provides that "default was entered in the civil docket in the office of this clerk on Mar. 27, 2017," Dkt. No. 9, he has not obtained entry of default against any defendant. Alone, this failure to obtain the foundation upon which default judgment is built requires that the Court deny her motion. *Cf. Lewis v. Morehouse Det. Ctr.*, Civ. A. No. 09-0332, 2010 WL 2360720, at *1 (W.D. La. Apr. 30, 2010) ("Having set aside the Clerk's entry of default against the individual defendants, plaintiff now lacks the requisite foundation for a default judgment against them."), *rec. adopted*, 2010 WL 2360669 (W.D. La. June 9, 2010).

Further, as stated above, even before the Clerk takes the first step to initiate the default judgment process under Rule 55, a defendant must properly be served with a summons and the complaint. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) ("[A] defendant can not make an appearance for purposes of Rule 55(b)(2) until after the plaintiff effects service and the defendant becomes susceptible to default."). And, "[u]ntil [a defendant] is *properly* served," the plaintiff "cannot obtain a default judgment." *Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam) (citations omitted and emphasis added); *see, e.g., Richardson v. Avery*, No. 3:16-cv-2631-M-BH, 2016 WL 7803155, at *2 (N.D. Tex. Dec. 22, 2016)

("The docket does not reflect that compliance with the requirements of Rule 4 for service of process. Until he has been properly served, 'the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment.' Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void." (quoting *Rogers*, 167 F.3d at 937; citations and footnote omitted)), *rec. accepted*, 2017 WL 213056 (N.D. Tex. Jan. 17, 2017).

Who is – or maybe who are – the named defendant(s) in this action is not at all clear. It is not clear, for example, if Baker is suing Dallas County itself and/or an office of the County. Regardless, Rule 4(j)(2) – setting forth procedures for serving defendants that are states, municipal corporations, or other state created governmental organizations – appears to govern. That rule provides:

> [a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

FED. R. CIV. P. 4(j)(2).

"[W]hen a Texas county is sued, state law authorizes service only upon the County Judge, who is also the chief executive. Thus, service of process must be on the County Judge under either prong of Rule 4(j)(2)." *Starr v. El Paso, Tex.*, No. EP-09-CV-353-KC, 2010 WL 457311, at *2 (W.D. Tex. Feb. 4, 2010) (citing TEX. CIV. PRAC. & REM. CODE § 17.024(a)); *accord Clark v. Johnson Cty.*, No. 3:01-cv-2231-M, 2002 WL 912778,

at *2 (N.D. Tex. Mar. 27, 2002) ("Federal Rule of Civil Procedure 4(j)(2) requires that service on a governmental organization subject to suit shall be effectuated by delivering a copy of the summons and complaint to its chief executive officer, which in this case is the County Judge."). To the extent that Baker attempted service as to Dallas County, because its county judge was not served, *see* Dkt. No. 8, service as to the County is not proper.

But, to the extent that Baker attempted service on a child support and/or domestic relations office administered by the County, the undersigned first notes that it is not clear that defendant is a jural entity.

A plaintiff may not bring a civil action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313.

To the extent that defendant is a jural entity, however, either prong of Rule 4(j)(2) appears to require service on that defendant's chief executive or, possibly, other high ranking official. *See* FED. R. CIV. P. 4(j)(2)(a); *cf.* TEX. CIV. PRAC. & REM. CODE § 17.024 (service on an incorporated city, town, or village must be on its mayor, clerk, secretary, or treasurer, and service on a school district must be on its board president or superintendent). Baker has provided no evidence that Ms. Ferguson is that defendant's chief executive or a high ranking official with that defendant.

These deficiencies means that this/these defendant(s) has/have not made "an appearance for purposes of Rule 55(b)(2)" and is/are currently not "susceptible to default." *Rogers*, 167 F.3d at 937. The motion for default judgment should be denied for this reason.

## Recommendation

The Court should deny the motion for default judgment [Dkt. No. 9].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 28, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE