IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY OF THE FAMILY BAKER, | § § | |
| Plaintiff, | § § | |
| V. | § | No. 3:18-cv-341-C-BN |
| DALLAS COUNTY TEXAS, ET AL., | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This civil rights action filed by a plaintiff proceeding *pro se* but not *in forma pauperis* has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings.

Under Federal Rule of Civil Procedure 12(b)(6), the Court granted Defendant Dallas County's motion to dismiss [Dkt. No. 15] and dismissed this action without prejudice to Plaintiff Anthony of the Family Baker's ("Baker") right to file an amended complaint, *see* Dkt. Nos. 24 & 26.

Baker filed a timely amended complaint. *See* Dkt. No. 27. And Dallas County again moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. No. 34. Baker responded to that motion. *See* Dkt. No. 37. And Dallas County filed a reply brief. *See* Dkt. No. 39.

After Dallas County's motion became ripe, several other individuals and entities associated with Dallas County, in response to summonses that Baker obtained and had

served, filed two more motions to dismiss under Rules 12(b)(1) and 12(b)(6). *See* Dkt. Nos. 43 & 44.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below – and without the need to take up the other motions to dismiss – the Court should grant Dallas County's motion under Rule 12(b)(1) and dismiss the action without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

Alleging that the defendants violated his constitutional rights and deprived him of property, Baker brings claims under 42 U.S.C. § 1983 against Dallas County and other entities, identified as "45 C.F.R. § 75.2 Contractor Dallas County Texas; 45 C.F.R. § 75.2 Contractor Dallas County Child Support Office; 45 C.F.R. § 75.2 Contractor Dallas County Family Court; 45 C.F.R. § 75.2 Contractor Dallas County Family Court Judge in his/her Official and Private Capacity; 45 C.F.R. § 75.2 Contractor Dallas County Family Clerk of Court in his/her Official and Private Capacity; 45 C.F.R. § 75.2 Contractor Dallas County Sheriff's Department in his/her Official and Private Capacity." *See generally* Dkt. No. 27; *see, e.g.*, *id.* at 1, 12 ("A. Baker did not devote his honestly acquired income to the Defendant's use or grant them the right to control that use whenever their needs require. However, his honestly acquired income, private property was taken for public use and federal profits without just compensation." (citation omitted)); *id.* at 13-14 (requesting as relief that the Court "terminate the private for profit contractual non-judicial IV-D Collections Case

effective immediately, to end the deprivation of his rights, privileges and immunities and to uphold his rights to provide for his offspring in private," that he receive punitive damages in the amount of $1,000,000 against defendants named, that he be given a "full refund of what's been taken/ordered he pay from his honestly acquired income against each defendant, that "a judgement be entered in his favor for Dallas County's 34 percent share of federal profits as well as penalties and 18 percent interest, that all negative reporting to all credit bureau's be removed, that he receive $5,000.00 from each defendant for all legal fees, and that he receives "a letter of apology from each defendant.")).

In sum, Baker seeks to use this civil rights action to change (or escape from) the child-support obligations imposed on him by a state court and to obtain damages based on those previously imposed obligations.

## Legal Standards and Analysis

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As such, the Court must dismiss a complaint for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere

-3-

inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted). And where, like here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively "facial," and the Court need look only to the sufficiency of the allegations of the plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981).

A "factual" attack on jurisdiction, however, is based on affidavits, testimony, and other evidentiary material. *See id.* Under such an attack, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523; *see also Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. May 1981) ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." (quoting *Mortensen v. First. Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977))).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

"[T]he *Rooker-Feldman* doctrine is a narrow jurisdictional bar ... designed to prevent lower federal courts from exercising jurisdiction over matters that are exclusively reserved for Supreme Court review under 28 U.S.C. § 1257." *Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018) (per curiam) (citing *Lance v. Dennis*, 546 U.S. 459, 464, 463 (2006) (per curiam); citation omitted). Put differently, federal-court authority to review a state court's judgement lies exclusively with the United States Supreme Court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("Because § 1257, as long interpreted, vests authority to review a state court's judgment solely in this Court, the District Courts in *Rooker* and *Feldman* lacked subject-matter jurisdiction." (citations omitted)); *see also Hale v. Harney*, 786 F.2d 688,

691 (5th Cir. 1986) ("Judicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United State Supreme Court.").

Under this doctrine, a federal district court lacks jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon,* 544 U.S. 280 at 284; *see Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("under [*Rooker-Feldman*] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights" (citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923))); *Houston v. Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) (stating that there are four elements to the *Rooker-Feldman* doctrine: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceeding began; and (4) federal suit requests review and reversal of the state-court judgment."); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *Brown v. Taylor*, 677 F. App'x 924, 927 (5th Cir. 2017) (per curiam) (summarizing the doctrine and its applicability to cases in which a plaintiff's

claims "assert as a legal wrong" or "invite direct review and rejection of" a state court's decision).

"A plaintiff cannot 'circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief,' if these claims are 'inextricably intertwined with a state judgment.'" *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994); citation and internal quotation marks omitted).

And the United States Court of Appeals for the Fifth Circuit has "held 'that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits'" and that, moreover, "[t]he only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court." *Id.* (quoting *Hale*, 786 F.2d at 690-91, then citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

As in *Turner*, Baker's claims implicating the support order appear to present an impermissible request that this federal district court sit in review of a state-court judgment. *See, e.g.*, Dkt. No. 27 at 13 (requesting that the Court "terminate the private for profit contractual non-judicial IV-D Collections Case [No. DF-16-14397] effective immediately"). His claims therefore appear to be "'inextricably intertwined' with the state court judgment so that this Court could not rule in [his] favor without overturning the state court." *Turner*, 354 F. App'x at 111 (citing *Shepherd*, 23 F.3d at

924).

And courts in this circuit have "consistently applied the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over matters related to the family disputes of divorce and child support." *Evans v. Williamson Cnty. Gov't*, No. A-15-CV-436-SS, 2015 WL 4621449, at *4 (W.D. Tex. May 28, 2015) (collecting cases), *rec. accepted*, 2015 WL 4624708 (W.D. Tex. July 31, 2015); *see, e.g.*, *McCormick v. Dempster*, 82 F. App'x 871, 2003 WL 22922312, at *1 (5th Cir. Dec. 9, 2013) (per curiam) (affirming "dismissal for lack of subject matter jurisdiction[, under *Rooker-Feldman*,] of [a *pro se* plaintiff's] 42 U.S.C. § 1983 action, in which she asserted that her due process rights were violated by a state court's entry of a child custody order and another state court's enforcement of that order"); *Glatzer v. Chase Manhattan Bank*, 108 F. App'x 204, 2004 WL 2091406, at *1 (5th Cir. Sept. 20, 2014) (per curiam) (affirming "the district court's application of the *Rooker-Feldman* doctrine" to a plaintiff's constitutional claims implicating a California custody and child support order because those claims were "inextricably intertwined with the state court order" (citations omitted)); *but cf. Gross*, 2018 WL 4223518, at *2 (noting that the related domestic relations exception to federal jurisdiction only applies where "claims for relief ... require the court to issue [ ] 'divorce, alimony, or child custody decrees'" and does not apply to, for example, "claims surrounding the breach of a prenuptial agreement" (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 701, 704 (1992))).

Additionally, while panels of the Fifth Circuit have all agreed as to the first four

-8-

*Rooker-Feldman* elements, *see, e.g.*, *Houston*, 606 F. App'x at 730, panels have disagreed as to the level of finality a state decision must reach to invoke the doctrine. In *Hale*, the panel applied the doctrine to bar a federal suit despite a pending appeal in state court. *See Hale*, 786 F.2d at 691. But the panel in *Rowley v. Wilson* held that the doctrine did not apply because the case was on appeal in a state appellate court. *See Rowley v. Wilson*, 200 F. App'x 274, 275 (5th Cir. 2006) (per curiam).

While *Hale* predated *Exxon*, it does not appear that *Exxon* "unequivocally" overruled *Hale*. *See Exxon*, 544 U.S. at 284 (characterizing the holding as referring only to "state court judgements rendered before the district court proceedings commenced"); *see also Houston,* 606 F. App'x at 732 ("For a Supreme Court decision to change our circuit's law, it must be more than merely illuminating with respect to the case before the court and must 'unequivocally' overrule prior precedent." (quoting *Technical Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 405 (5th Cir. 2012); brackets omitted)). And, under the Fifth Circuit's rule of orderliness, a panel of the Court of Appeals has held that it was bound by *Hale*. *See Houston,* 606 F. App'x at 732 ("[W]e appear to be bound by *Hale* pursuant to this Circuit's rule of orderliness."); *see also In re FM Forrest, Inc.*, 587 B.R. 891, 911-12 (Bankr. S.D. Tex. 2018) (considering *Houston* and then observing that, because the court "is bound by Fifth Circuit precedent, it will apply *Hale*, not *Rowley*, to determine whether the *Rooker-Feldman* doctrine applies").

Accordingly, regardless if an appeal is pending in state court in the current case,

-9-

the *Rooker-Feldman* doctrine applies and bars suit.

Alternatively, if the application of *Rooker-Feldma*n is limited to cases in which "a party suffered an adverse final judgement rendered by a state's court of last resort," *Ill. Cent. R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012) – thus adding a fifth element to the doctrine, *but cf. Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 384 n.5 (5th Cir. 2017) ("Contrary to *Illinois Central*'s explication of the doctrine, *Hale* suggests that a state court judgment need not be issued by a court of last resort for *Rooker-Feldman* to apply. Because of this apparent tension in our case law, we do not rely on this aspect of the doctrine to resolve the jurisdictional question before us now.") – *Rooker-Feldman* applies, as here, where a judgement has been rendered by a lower state court and no appeal is taken, making the lower court's judgement final, *see, e.g.*, *Houston*, 606 F. App'x at 730 (Appellant's offered "no evidence that they actually *did* appeal ...." Therefore, "the judgement . . . is a final judgement within the meaning of *Rooker-Feldman*."); *In re Reyes*, Bankruptcy No. 05-50590; Adversary No. 06-5010, 2007 WL 1040584, at *9 (Bankr. S.D. Tex. Mar. 30, 2007) (finding *Rooker-Feldman* applicable where a lower state court determined the dischargeability of a claim and no appeal was filed).

Here, in the applicable state court proceeding, *Anthony Baker v. Shambrisha Orange*, No. DF-16-14397 (301st Dist. Ct., Dallas Cnty., Tex.), a judgment was entered in March 2017. Baker had a right to appeal. *See* TEX. FAM. CODE § 109.002(a) ("An appeal from a final order rendered in a suit, when allowed under this section or under

other provisions of law, shall be as in civil cases generally under the Texas Rules of Appellate Procedure."). But, based on records available from the applicable state court of appeals, of which the Court may take judicial notice, no appeal was filed. *See, e.g.*, *Perry v. Dallas Sheriff's Dep't*, No. 3:14-cv-2140-L, 2014 WL 6809192, at *3 n.1 (N.D. Tex. Dec. 3, 2014) ("This Court may take judicial notice of records from the state court proceeding that is intertwined with this action." (citing FED. R. EVID. 201; citation omitted; further noting that, "[t]o the extent that Plaintiff objects to the propriety of taking judicial notice of such records, the period for filing objections to these findings, conclusions, and recommendation provides Plaintiff an opportunity to be heard on any such objections" under Federal Rule of Evidence 201(e))). And Baker's time to appeal expired well before he filed this action in February 2018. *See* TEX R. APP. P. 26.

Therefore, even if the *Rooker-Feldman* doctrine requires an adverse final judgement rendered by a state's court of last resort, in the present case, an adverse final judgement has been rendered by the state court and no appeal was taken, satisfying all elements of *Rooker-Feldman*.

Accordingly, this Court lacks subject matter jurisdiction, Dallas County's motion to dismiss should be granted under Rule 12(b)(1), and this action should be dismissed without prejudice.

**Recommendation**

The Court should grant Defendant Dallas County's motion to dismiss [Dkt. No. 34] under Federal Rule of Civil Procedure 12(b)(1) and dismiss this action without prejudice for lack of subject matter jurisdiction without taking up the other pending

motions to dismiss.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 11, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE